<table>
<tr><td>

**DISTRICT COURT, DENVER COUNTY,
STATE OF COLORADO**
Denver City & County Building
1437 Bannock Street
Denver, CO 80202

</td><td>

DATE FILED: December 15, 2023 8:41 AM
FILING ID: 167E072BFB0CE
CASE NUMBER: 2023CV33078

</td></tr>
<tr><td>

**Plaintiffs: ELIZABETH AND LEXI GOBBLE, as
heirs of DAVID GOBBLE and LEXI GOBBLE as
Personal Representative of the ESTATE of DAVID
GOBBLE.**

**v.**

**Defendants: LAND JET TRANS INC. and ROHIT
SAINI**

</td><td>

**COURT USE ONLY**

</td></tr>
<tr><td>

*Attorneys for Plaintiff*
Michael P. Kane, #34878
Francisco Martinez #50227
**KANE DULIN MCQUINN YOUNG, LLP**
4949 S. Syracuse St., Ste. 400
Denver, CO 80237
Telephone: 303-246-1111
Fax: 866-792-6396
mpk@trialproven.com
francisco@trialproven.com

Daniel J. Caplis, #13171
**THE DAN CAPLIS LAW FIRM, LLC**
Address: 6400 S Fiddler's Green Circle, Suite 2200
Greenwood Village, Colorado 80111
Phone Number: 303-770-5551
dan@caplislaw.com

</td><td>

**Case Number**: 2023 CV 33078

**Courtroom**: 424

</td></tr>
<tr><td colspan="2">

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

</td></tr>
</table>

Plaintiff Elizabeth and Lexi Gobble, by and through their attorneys, Kane Dulin McQuinn Young, LLP and The Dan Caplis Law Firm, LLC, hereby file this First Amended Complaint and Jury Demand, and demand a jury trial of the following claims for relief, alleging as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Elizabeth Gobble is a surviving heir of decedent David Gobble.

2.      Lexi Gobble is a surviving heir of decedent David Gobble.

1

3.     Plaintiff Elizabeth Gobble is a resident of Colorado.

4.     Plaintiff Lexi Gobble is a resident of Colorado.

5.     Plaintiff Lexi Gobble, daughter of decedent David Gobble, has been appointed as the Personal Representative of the Estate of David Gobble.

6.     Rohit Saini ("Defendant Saini") was the driver-employee of Land Jet Trans Inc. ("Defendant Land Jet") and was operating the involved truck tractor and semi-trailer at the time of the collision.

7.     Defendant Saini was and is a resident of Indiana.

8.     Defendant Land Jet is an Indiana corporation with a principal place of business in Indianapolis, Indiana.

9.     Defendant Land Jet owned the truck tractor and semi-trailer involved in the incident.

10.    Pursuant to C.R.C.P. 98(a), jurisdiction and venue are proper in the District Court of Denver.

## GENERAL ALLEGATIONS

11.    On Sunday, November 6, 2022, just after 3:00 am, Defendant Saini, 21 years old, was operating a 2018 Freightliner Corp Cascadia truck tractor and semi-trailer westbound on Interstate 70, near Milepost 370 in Lincoln County, Colorado.

12.    On Sunday, November 6, 2022, just after 3:00 am, the roadway in this area was straight, level, and dry.

13.    The east and westbound lanes of travel on Interstate 70 in this area are separated by a grassy median.

14.    Defendant Saini was traveling in the number one lane heading westbound.

15.    Defendant Saini drove across the westbound lanes of travel, into the center median.

16.    Defendant Saini then overcorrected, drove across the westbound lanes of travel, and off the right side of the roadway.

17.    Defendant Saini then reentered the roadway, jackknifed, and rolled ¼ time.

18.    The truck tractor and semi-trailer Defendant Saini was driving came to rest on its right side in the westbound lanes of travel, facing south.

19.  At or around the time of this incident, Robert Hanson, 53 years old, was operating a second truck tractor and semi-trailer, a 2023 Freightliner Corp Cascadia, owned by New Prime Inc., westbound on Interstate 70 near Milepost 370.

20.  The truck tractor and semi-trailer operated by Mr. Hanson collided with Defendant Saini's vehicle where it had come to rest in the roadway.

21.  After impact, Mr. Hanson's truck tractor and semi-trailer continued westbound, drove through the center median, and rolled ¼ time, coming to rest on the right shoulder, facing south.

22.  At or around the time of this incident, David Gobble, 63 years old, was driving a 2005 Dodge Caravan westbound on Interstate 70, near Milepost 370 in Lincoln County, Colorado.

23.  Mr. Gobble collided with the bottom of Defendant Saini's vehicle where it had come to rest in the roadway.

24.  After impact, Mr. Gobble's vehicle came to rest on the right shoulder, facing west.

25.  Mr. Gobble suffered fatal injuries as a result of the collision.

26.  Mr. Gobble tragically died at the scene.

27.  A fourth vehicle also collided with Defendant Saini's trailer where it had come to rest in the roadway.

28.  After impact, the fourth vehicle came to rest in the number two westbound lane, facing west.

29.  The Colorado State Patrol investigated the collision and cited Defendant Saini with Careless Driving causing Death, pursuant to C.R.S. 42-4-1402(2)(c).

30.  Trooper C. Gonzales noted that prior to impact, the truck tractor and semi-trailer driven by Defendant Saini was "Out of Control."

31.  Trooper C. Gonzales noted that the most apparent human contributing factor for the collision was that Defendant Saini was "Asleep or Fatigued."

32.  At and around the time of the collision, Defendant Saini was an employee of Defendant Land Jet.

33.  At and around the time of the collision, Defendant Saini was operating the truck tractor and semi-trailer in furtherance of Defendant Land Jet's business.

34.  At and around the time of the collision, Defendant Saini was acting within the course and scope of his employment with Defendant Land Jet.

35. Defendant Land Jet is responsible for complying with all Federal Motor Carrier Safety Regulations.

36. At and around the time of the collision, Defendant Saini was acting pursuant to the authorization of Defendant Land Jet as to the manner of his actions.

37. Mr. Gobble was not comparatively at fault for causing his death.

38. Defendants Land Jet and Saini's acts and failures to act recklessly and negligently caused Mr. Gobble's death.

## CLAIM FOR RELIEF
### *Plaintiffs against Defendants*
### *Wrongful Death (C.R.S. § 13-21-202)*

39. Plaintiffs incorporates by reference all other paragraphs as though fully set forth herein.

40. Plaintiffs are surviving heirs of Decedent David Gobble.

41. Plaintiff Lexi Gobble has been appointed as Personal Representative of the Estate of David Gobble.

42. Defendants owed a duty of care to operate the truck tractor and semi-trailer in a reasonable manner.

43. Defendants breached the duty of care, including but not limited to the following acts or failures to act:

   a. Recklessly and negligently operating the truck tractor and semi-trailer while fatigued or asleep.
   b. Recklessly and negligently failed to maintain the truck tractor's lane of travel such that it caused the subject collision.

44. Defendants caused the death of David Gobble.

45. Defendants recklessly caused the death of David Gobble.

46. At and around the time of the collision, Defendant Saini was acting in the course and scope of his employment with Defendant Land Jet.

47. At and around the time of the collision, Defendant Saini was acting pursuant to the authorization of Defendant Land Jet as to the manner of his actions.

48. Defendant Land Jet is liable for the damages caused by Defendant Saini.

49. David Gobble was not comparatively negligent in causing his own death.

50.    As a result of the tragic death of David Gobble, Plaintiffs suffered injuries, damages and losses.

51.    Plaintiffs' damages are the direct and proximate result of Defendants Land Jet and Saini's breach of their duty of care. Plaintiffs' damages are a foreseeable consequence of Defendants' unreasonable failure to use reasonable care under the circumstances.

**Wherefore**, Elizabeth and Lexi Gobble, as heirs of David Gobble, and Lexi Gobble as Personal Representatives of the Estate of David Gobble, seek economic and non-economic wrongful death damages, past and future, including but not limited to: grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, emotional stress, fear and anxiety, funeral and burial expenses, and financial loss.

## PLAINTIFFS REQUEST A TRIAL BY JURY
## TO HEAR AND DETERMINE ALL CLAIMS IN THE ACTION

**WHEREFORE**, Elizabeth and Lexi Gobble, as heirs, daughters and Lexi Gobble as Personal Representatives of the Estate of David Gobble, seek past and future economic and non-economic damages arising from the wrongful death of David Gobble, including but not limited to: grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, emotional stress, fear and anxiety, funeral and burial expenses, and financial loss.

Plaintiffs further seek prejudgment interest, post-judgment interest, costs and attorney fees as permitted by law, and any further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this December 15, 2023.

KANE DULIN MCQUINN YOUNG LLP

s/ *Michael P. Kane*
Michael P. Kane, #34878
Francisco Martinez, #50227
*Attorneys for Plaintiffs*
*A duly authorized signature is on file in the offices of Kane Dulin McQuinn Young, LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, a true and correct copy of the foregoing First Amended Complaint and Jury Demand, and was sent via CCEF to the following:

Brendan O. Powers
Mark W. Gerganoff
SPIES, POWERS & ROBINSON, P.C.
950 South Cherry Street, Suite 700
Denver, Colorado 80246

*s/ Debbie K. Auld*
Debbie K. Auld, Litigation Paralegal

ITS Logistics Notice of Removal
Ex. 2  First Amended Complaint