| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br>Denver City & County Building<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: October 19, 2023 12:53 PM<br>FILING ID: 2B4DC8BA78FCB<br>CASE NUMBER: 2023CV33078 |
| **Plaintiffs:   ELIZABETH AND LEXI GOBBLE, as heirs of DAVID GOBBLE.**<br><br>**v.**<br><br>**Defendant: LAND JET TRANS INC., and ROHIT SAINI.** | **COURT USE ONLY** |
| *Attorneys for Plaintiff*<br>Michael P. Kane, #34878<br>Francisco Martinez #50227<br>KANE DULIN MCQUINN YOUNG, LLP<br>6400 S. Fiddlers Green Circle, Suite 1840<br>Greenwood Village, CO 80111<br>Telephone: 303-246-1111<br>Fax: 866-792-6396<br>mpk@trialproven.com<br>francisco@trialproven.com<br><br>Daniel J. Caplis, #13171<br>THE DAN CAPLIS LAW FIRM, LLC<br>Address: 6400 S Fiddler's Green Circle, Suite 2200<br>Greenwood Village, Colorado 80111<br>Phone Number: 303-770-5551<br>dan@caplislaw.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs Elizabeth and Lexi Gobble, by and through their attorneys, Kane Dulin McQuinn Young, LLP and The Dan Caplis Law Firm, LLC, hereby file this Complaint and Jury Demand, and demand a jury trial of the following claims for relief, alleging as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Elizabeth Gobble is a surviving heir of decedent David Gobble.

2.    Lexi Gobble is a surviving heir of decedent David Gobble.

3.    Plaintiff Elizabeth Gobble is a resident of Colorado.

1

4.    Plaintiff Lexi Gobble is a resident of Colorado.

5.    Rohit Saini ("Defendant Saini") was the driver-employee of Land Jet Trans Inc. ("Defendant Land Jet") and was operating the involved truck tractor and semi-trailer at the time of the incident.

6.    Defendant Saini was and is a resident of Indiana.

7.    Defendant Land Jet is an Indiana corporation with a principal place of business in Indianapolis, Indiana.

8.    Defendant Land Jet owned the truck tractor and semi-trailer involved in the incident.

9.    Pursuant to C.R.C.P. 98(a), jurisdiction and venue are proper in the District Court of Denver.

## **GENERAL ALLEGATIONS**

10.    On Sunday, November 6, 2022, just after 3:00 am, Defendant Saini, 21 years old, was operating a 2018 Freightliner Corp Cascadia truck tractor and semi-trailer westbound on Interstate 70, near Milepost 370 in Lincoln County, Colorado.

11.    On Sunday, November 6, 2022, just after 3:00 am, the roadway in this area was straight, level, and dry.

12.    The east and westbound lanes of travel on Interstate 70 in this area are separated by a grassy median.

13.    Defendant Saini was traveling in the number one lane heading westbound.

14.    Defendant Saini drove across the westbound lanes of travel, into the center median.

15.    Defendant Saini then overcorrected, drove across the westbound lanes of travel, and off the right side of the roadway.

16.    Defendant Saini then reentered the roadway, jackknifed, and rolled ¼ time.

17.    The truck tractor and semi-trailer Defendant Saini was driving came to rest on its right side in the westbound lanes of travel, facing south.

18.    At or around the time of this incident, Robert Hanson, 53 years old, was operating a second truck tractor and semi-trailer, a 2023 Freightliner Corp Cascadia, owned by New Prime Inc., westbound on Interstate 70 near Milepost 370.

19.    The truck tractor and semi-trailer operated by Mr. Hanson collided with Defendant Saini's vehicle where it had come to rest in the roadway.

2

20. After impact, Mr. Hanson's truck tractor and semi-trailer continued westbound, drove through the center median, and rolled ¼ time, coming to rest on the right shoulder, facing south.

21. At or around the time of this incident, David Gobble, 63 years old, was driving a 2005 Dodge Caravan westbound on Interstate 70, near Milepost 370 in Lincoln County, Colorado.

22. Mr. Gobble collided with the bottom of Defendant Saini's vehicle where it had come to rest in the roadway.

23. After impact, Mr. Gobble's vehicle came to rest on the right shoulder, facing west.

24. Mr. Gobble suffered fatal injuries as a result of the collision.

25. Mr. Gobble tragically died at the scene.

26. A fourth vehicle also collided with Defendant Saini's trailer where it had come to rest in the roadway.

27. After impact, the fourth vehicle came to rest in the number two westbound lane, facing west.

28. The Colorado State Patrol investigated the collision and cited Defendant Saini with Careless Driving causing Death, C.R.S. 42-4-1402(2)(c).

29. Trooper C. Gonzales noted that prior to impact, the truck tractor and semi-trailer driven by Defendant Saini was "Out of Control."

30. Trooper C. Gonzales noted that the most apparent human contributing factor for the collision was that Defendant Saini was "Asleep or Fatigued."

31. At and around the time of the collision, Defendant Saini was an employee of Defendant Land Jet.

32. At and around the time of the collision, Defendant Saini was operating the truck tractor and semi-trailer in furtherance of Defendant Land Jet's business.

33. At and around the time of the collision, Defendant Saini was acting within the course and scope of his employment with Defendant Land Jet.

34. Defendant Land Jet is responsible for complying with all Federal Motor Carrier Safety Regulations.

35. At and around the time of the collision, Defendant Saini was acting pursuant to the authorization of Defendant Land Jet as to the manner of his actions.

36. Mr. Gobble was not comparatively at fault for causing his death.

3

37. Defendants Land Jet and Saini's acts and failures to act recklessly and negligently caused Mr. Gobble's death.

## **CLAIM FOR RELIEF**

Plaintiffs against Defendants, Wrongful Death (C.R.S. § 13-21-202)

38. Plaintiffs incorporates by reference all other paragraphs as though fully set forth herein.

39. Plaintiffs are surviving heirs of Decedent David Gobble.

40. Defendants owed a duty of care to operate the truck tractor and semi-trailer in a reasonable manner.

41. Defendants breached the duty of care, including but not limited to the following acts or failures to act:

   a. Recklessly and negligently operating the truck tractor and semi-trailer while fatigued or asleep.
   b. Recklessly and negligently failed to maintain the truck tractor's lane of travel such that it caused the subject collision.

42. Defendants caused the death of David Gobble.

43. Defendants recklessly caused the death of David Gobble.

44. At and around the time of the collision, Defendant Saini was acting in the course and scope of his employment with Defendant Land Jet.

45. At and around the time of the collision, Defendant Saini was acting pursuant to the authorization of Defendant Land Jet as to the manner of his actions.

46. Defendant Land Jet is liable for the damages caused by Defendant Saini.

47. David Gobble was not comparatively negligent in causing his own death.

48. Plaintiffs' damages are the direct and proximate result of Defendants' breach of his duty of care. Plaintiffs' damages are a foreseeable consequence of Defendants' unreasonable failure to use reasonable care under the circumstances.

   **Wherefore**, Elizabeth and Lexi Gobble, as heirs of David Gobble, seek economic and non-economic wrongful death damages, past and future, including but not limited to: grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, emotional stress, fear and anxiety, funeral and burial expenses, and financial loss.

4

## PLAINTIFFS REQUEST A TRIAL BY JURY
## TO HEAR AND DETERMINE ALL CLAIMS IN THE ACTION

**WHEREFORE**, Elizabeth and Lexi Gobble, as heirs of David Gobble, seek past and future economic and non-economic damages arising from the wrongful death of David Gobble, including but not limited to: grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, emotional stress, fear and anxiety, funeral and burial expenses, and financial loss.

Plaintiffs further seek prejudgment interest, post-judgment interest, costs and attorney fees as permitted by law, and any further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this October 19, 2023.

KANE DULIN MCQUINN YOUNG LLP

s/ *Michael P. Kane*
Michael P. Kane, #34878
Francisco Martinez, #50227
*Attorneys for Plaintiffs*
*A duly authorized signature is on file in the offices of Kane Dulin McQuinn Young, LLP*

Plaintiffs' Addresses:
c/o 6400 S. Fiddlers Green Circle, Suite 1840
Greenwood Village, CO 80111